| iCANNELLA, Judge,
dissenting.
I dissent from the majority opinion, being of the view that the lounge was a public place within the meaning of La.R.S. 14:106.
D.C.’s lounge, where the obscenity took place, operates on a daily basis to receive or accommodate the public. The lounge charges for and serves drinks. It is licensed by the state both to sell alcohol and to operate video poker machines. On the day in question, the lounge was serving alcohol, charging the patrons for it and the video poker machines were being operated. The lounge was being operated to make money by selling drinks and or entertainment to the patrons. It was not being operated as a private party. The only distinction between the day of the arrests and any other day of business at the lounge was that promotional invitations were collected at the door. The invitation element was only a subterfuge to get around the wording of the statue. In a similar case, a theater ticket, no matter how obtained, gets a patron into an adult movie theater and no ticket leaves him pounding the pavement outside. The ticket or invitation alone does not change the entertainment from public to private under the statute. It is the use of the premises and intent of the proprietors. Here, that use and intent are clearly inferred as public. In my view, this was a “public place” within the meaning of La.R.S. 14:106.